**ORIGINAL**

FILED IN CLERK'S OFFICE
U S D C    Atl n a

FEB 1 8 2005

LUTHER D. T.H.MAS, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHELLE M CHRISTENSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | CIVIL ACTION FILE |
| ) | NUMBER _____ |
| GMAC MORTGAGE CORPORATION ) | |
| d/b/a Ditech com, ) | **1:05-CV-0472** |
| ) | |
| Defendant ) | |
| ) | **-CAM** |

## NOTICE OF REMOVAL

Defendant GMAC Mortgage Corporation, d/b/a Ditech com ("Defendant"), by counsel and pursuant to 28 U S C §§ 1441 and 1446, hereby removes to this Court a civil action instituted and pending in the State Court of Fulton County, State of Georgia the State Court") which is styled <u>Michelle M. Christensen v GMAC Mortgage Corporation, d/b/a Ditech com</u>, Civil Action File No 2004CV93309  In support of this Notice of Removal, Defendant states as follows·

### The Procedural Prerequisites For Removal Have Been Met

This action is removable to federal district court pursuant to 28 U S C § 1331 based upon federal question jurisdiction

On or about November 4, 2004, Plaintiff filed in the State Court a Complaint against Defendant  A copy of the Complaint is attached hereto as Exhibit 1

FORMS RECEIVED
Content Te US Mag
Proposal Scheduling
Title VI Mtn

The Complaint was accepted by stipulation of counsel on January 20, 2005   Accordingly, this Notice of Removal is filed within the 30-day period required by 28 U S C § 1446(b)

Plaintiff's Complaint alleges a violation of the Truth In Lending Act (15 U S C Sec 1601, et seq ) and the Home Ownership Equity Protection Act (15 U S C Sec 1639)

Pursuant to 28 U.S C §1331, the district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States and, as such, have original jurisdiction over this action

Because this is a civil action over which the district courts of the United States have original jurisdiction, Defendants are entitled to remove this action to the United States District Court for the Northern District of Georgia, pursuant to 28 U S C §§ 1331 and 1441(b).

The original of Exhibit 2 attached hereto (Notice of Removal to Federal Court) is being dispatched by Defendant for filing in the State Court simultaneously with the dispatch of this pleading to this Court   A copy of this notice (less attachments) is attached to the Notice of Removal to Federal Court being filed in the State Court

The exhibits hereto include all pleadings received by or served upon Defendant in connection with Plaintiff's claims

Venue lies in this Court pursuant to 28 U S C § 1441(a) because Plaintiff's action is pending within this Court's geographic jurisdiction

IN THE SUPERIOR COURT FOR FULTON COUNTY
STATE OF GEORGIA



FILED IN OFFICE

NOV - 4 2004

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY GA

Michelle M. Christensen,                    *
                                            *
        Plaintiff,                          *
                                            *
v                                           *       CIVIL ACTION
                                            *       File No  2004cv 93309
GMAC Mortgage Corporation                   *
dba Ditech com,                             *
                                            *
        Defendant.                          *

## COMPLAINT

Michelle M  Christensen (referred to as "Christensen") for her complaint against

the defendant, GMAC Mortgage Corporation dba ditech.com ("defendant" or "Ditech")

alleges and states·

1       The defendant named here is a foreign corporation doing business in

        this State and maintains an office in this County

2       The defendant, ditech is a large, sophisticated lender that solicits clients

        for second mortgage loans through a massive television campaign and

        through the use of an internet web site. Ditech advertises that it allows

        the public to deal directly with the lender and avoid the middleman,

        implying that it will cost the borrower less than a traditional loan

        through a bank. The web site also claims: "**Competitive Rates** Our

        convenient and speedy process enables us to offer some of the lowest

        rates in the business for all types of home loans  We challenge you to

        find lower rates and fees from any other lender out there!".  See

**EXHIBIT**

_1_

www.ditech.com/about/why_ditech.jsp. As set forth more fully below, ditech regularly and systematically charges exorbitant fees in connection with its second mortgage loans

3    Unlike traditional loans that are closed by a closing attorney, Ditech's practice is to have the documents delivered by overnight mail or a notary or "document signer" deliver the documents to the customer at the customer's home. As stated on its web site: "In some states, for a refinance or second mortgage, ditech com will send a document signer to your home or another place that you designate so you can sign all your loan documents." See www.ditech.com/questions/loanapplication.jsp#5. The Notary does not have the ability or knowledge to answer any questions regarding the loan. The signer is merely instructed where to obtain signatures, nothing more These practices constitute the unauthorized practice of law in the State of Georgia. See IN re. UPL Advisory Opinion 2003-2, 2003 Ga. Lexis 946 (November 10, 2003) This deceptive scheme violates the consumer protection laws enacted by Congress and the entire spirit of the "Truth in Lending" laws designed to provide consumers with easily understood and disclosed information regarding the true cost of credit

4.    This is an action pursuant to the Truth in Lending Act ("TILA"), codified at 15 U.S C Sec 1601 et seq TILA was enacted by Congress in 1968 as Title I of the Consumer Protection Act TILA is a remedial

statute that is to be construed liberally. *Ellis v GMAC*, 160 F.3d 703, 707 (11th Cir 1998)

5      The Federal Reserve Board adopted Regulation Z shortly after enactment of the 1968 Act. Regulation Z can be found at 12 CFR 226.1 et seq  The purpose of TILA and Regulation Z is to promote the informed use of credit and level the playing field between competing creditors.

6      The law is designed to protect consumers in credit transactions by requiring the clear disclosure of the key terms and costs of the lending transaction.  The goal of TILA is to enable the consumer to understand what their actual costs of borrowing will be on a given transaction.

7      TILA intends to provide consumers with an informed understanding of the cost of credit by forcing lenders to make certain disclosures

8.     Additionally, TILA provides for material disclosures under 15 U.S C. Sec  1601 (u), which includes "the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number of and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by [15 U.S.C. Sec. 1639 (a).]"

9      Additionally, when a consumer is using their home as collateral for a loan.  The TILA provides the consumer with the right to cancel non-

purchase money loans that include liens on their homes. See 15 U.S.C. Sec. 1635 (a).

10    The right to cancel may be exercised until midnight of the third business day after the loan is consummated. This right may be extended up to three years if the consumer borrower is not provided accurate material disclosures. See 15 U S C. Sec  1635 (f)

11.    In 1994, Congress added to the TILA by enacting the Home Ownership Equity Protection Act, 15 U.S.C. § 1639, ("HOEPA")  HOEPA was enacted by Congress to curb predatory lending

12    Congress found that several high-rate lenders were using non-purchase money mortgages to take advantage of unsophisticated and low income homeowners in a "predatory" fashion  See S  Rep  103-169, 1994 U.S.C.C.A N. 1881, 1907

13    HOEPA provides additional protections for consumers whose loan falls within the definition of a "High Cost Mortgage".  A loan is considered a "high cost mortgage" and triggers the HOEPA requirements if one of two tests is met  The first test is whether the consumer was charged more than 8% of the "total loan amount" in points and fees. In setting the 8% bright line test Congress found that the 8% level for points and fees was well above the industry average. The 8% trigger was to "prevent unscrupulous creditors from using grossly inflated fees and charges to take advantage of unwitting consumers"  S. Rep. 103-169,

1994 U S.S.C A.N. 1881, 1908 The second test is whether the APR exceeds the comparable treasuries rate by more than 10%.

14.    At least three business days prior to closing a "high cost" loan, Lenders are required by 15 U S.C Sec. 1639 to provide the following written disclosures in conspicuous type size

    (a) the annual percentage rate,

    (b); the amount of the monthly payment;

    (c) that the Consumers were not required to complete the transaction merely because they received the disclosures or that they signed a loan application;

    (d) that the loan would result in a mortgage against their home, and

    (e) that they could lose their home, any money they have put into it, if they did not meet their obligation.

The form used by ditech for the disclosures required by HOEPA fails to set out the disclosures in conspicuous type size  The form used by ditech for the disclosures required by HOEPA also erroneously and deceptively includes 2 references to the loan interest rate.

## PARTIES

15    Plaintiff is a "consumer" as defined under TILA, 15 USC § 1602(h)

16    The plaintiff is a resident of Georgia

17.    Defendant, ditech, is a mortgage company and a "creditor" as defined under TILA, 15 USC § 1602(f)

18      Ditech has made more than five loans secured by real property in the

        each of the years 1999, 2000, and 2001

## COUNT I

### VIOLATION OF TRUTH IN LENDING

19      Christensen incorporates by reference, the allegations in the foregoing

        paragraphs.

20      Christensen entered into a loan that was secured by her principal

        dwelling on or about November 8, 2000 in the amount of $19,300. After

        she completed the paperwork on this loan, she was advised that they

        had to redo the loan to include her car loan  The first loan was never

        funded.

21      Christensen was charged at least $5,795 in up front fees for a $32,000

        loan.

22.     Christensen was not provided a Truth in Lending Disclosure Statement

        for the $32,000 loan

23      She was entitled to receive 2 notices of her right to cancel the

        transaction.

24.     The notices were required to set forth the date the right to cancel period

        expires pursuant to 12 CFR Sec. 226.23 (b)(1)(v).

25      She was not provided any notice of right to cancel  Christensen was not

        given the proper notice of the right to cancel in violation of the TILA.

26.     The date of the note was November 30, 2000.

27    Plaintiff gave the defendant written notice of an election to cancel the transaction within three years of the date set forth on the note.

28    Plaintiff's written election to cancel was sent on October 16, 2003.

29    A response is required within 20 days. See 15 U S C Sec 1635 (a)

30    The defendant did not honor or respond to her written election to cancel at any time.

31    Christensen was forced to file this action to confirm the election to cancel

Wherefore, Christensen prays this court grant the following relief in her favor and against defendant, ditech.

a    A judgment enforcing the election to rescind the transaction and granting Christensen the relief she is entitled to under 15 U S C § 1635,

b.    An award of statutory damages under 15 U S C Sec 1640 for ditech's failure to timely respond to the notice of election to cancel,

c    An award of costs and attorneys fees,

d.    Such other and further relief that the court deems just and proper

## COUNT II

## VIOLATION OF THE HOME OWNERSHIP AND EQUITY PROTECTION ACT

32.    Christensen incorporates by reference the foregoing allegations.

33.    Christensen was charged points and fees in excess of 8% of the "total loan amount".

34.    Christensen's loan falls within the definition of a "high cost" mortgage as that term is defined by 15 U S C § 1602 (aa)

35.   Christensen's loan falls within the parameters of HOEPA,  15 U S.C. §
      1639

36    HOEPA requires that certain disclosures be made in conspicuous type
      size to consumers at least three business days before loan
      consummation. See 15 U.S C. Sec. 1639 (b)(1).

37.   Christensen was not provided the notices required three business days in
      advance as required by 15 U S.C Sec. 1639 (b)

38.   The disclosures required by 15 U.S C. Sec. 1639 (a) are deemed
      material disclosures under 15 U.S C Sec. 1602 (u)

39    Christensen gave the defendant written notice of the election to cancel
      the transaction within three years of the date set forth on the note.

40    The defendant did not honor or respond to the written election to cancel
      at any time.

41.   Christensen was forced to file this action to confirm the election to
      cancel.

Wherefore, Christensen prays this court grant the following relief in her favor and
against defendant, ditech.

      a    A judgment confirming the election to cancel the transaction and
      granting Christensen the relief she is entitled to under 15 U S C. § 1635,

      b    An award of statutory damages under 15 U.S C Sec 1640 for
      ditech's failure to timely respond to the notice of election to cancel,

      c    An award of costs and attorneys fees,

      d    Such other and further relief that the court deems just and proper

Respectfully submitted,

F. Anthony Blakey
Kelly, Lovett, Mullis & Blakey, P C
2539 Lafayette Plaza Drive
P O Box 70879
Albany, GA  31708
(229) 888-9128
GA BAR No. 061817

SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

MICHELLE M CHRISTENSEN,               )
                                      )
        Plaintiff,                    )
                                      )
vs                                    )        CIVIL ACTION FILE
                                      )        NUMBER  2004CV93309
GMAC MORTGAGE CORPORATION             )
d/b/a Ditech com,                     )
                                      )
        Defendant                     )
                                      )

## NOTICE OF REMOVAL TO FEDERAL COURT

Defendant GMAC Mortgage Corporation d/b/a Ditech com ("Defendant"), by counsel, give notice that they have this day filed a Notice of Removal of this action, pursuant to 28 U.S C §§ 1441 and 1446, in the United States District Court for the Northern District of Georgia, Atlanta Division  Pursuant to 28 U S C § 1446(d), "the State court shall proceed no further unless and until the case is remanded." A copy of the Notice of Removal, less attachments, is attached and filed herewith as Exhibit A

This 18th day of February, 2005

                              Curtis L Mack
                              Georgia Bar No. 463636
                              Jefferson M. Allen
                              Georgia Bar No  010898
                              Attorneys for Defendant
                              GMAC Mortgage Corporation
                              d/b/a Ditech com

McGuireWoods LLP
1170 Peachtree Street, N E , Suite 2100
Atlanta, Georgia  30309
Telephone  (404) 443-5730
Facsimile  (404) 443-5784



EXHIBIT
2

Andrew J Soven
Mark S Melodia
Janett D Pateiro
Attorneys for Defendant
GMAC Mortgage Corporation
d/b/a Ditech com

Motions Pro Hac Vice Pending

REED SMITH LLP
Princeton Forrestal Village
136 Main Street
Princeton, New Jersey 08540
Telephone (609) 987-0050
Facsimile (609) 951-0824

## CERTIFICATE OF SERVICE

I HEREBY certify that I have served a copy of the NOTICE OF REMOVAL TO

FEDERAL COURT upon all counsel by first class mail, postage prepaid, addressed to

> F Anthony Blakey
> Kelly, Lovett. Mullis & Blakey, P C
> 2539 Lafayette Plaza Drive
> P O. Box 70879
> Albany, GA  31708

This 18th day of February, 2005

Jefferson M  Allen
Georgia Bar No  010898

McGuireWoods LLP
1170 Peachtree Street. N E
Suite 2100
Atlanta, Georgia  30309
Telephone  (404) 443-5730
Facsimile  (404) 443-5784

## CERTIFICATE OF SERVICE

I HEREBY certify that I have served a copy of the NOTICE OF REMOVAL

upon all counsel by first class mail, postage prepaid, addressed to

> F Anthony Blakey
> Kelly, Lovett, Mullis & Blakey, P C
> 2539 Lafayette Plaza Drive
> P O Box 70879
> Albany, GA 31708

This 18th day of February, 2005

> Jefferson M Allen
> Georgia Bar No 010898

McGUIREWOODS LLP
1170 Peachtree Street, N E
Suite 2100
Atlanta, Georgia 30309
Telephone (404) 443-5730
Facsimile (404) 443-5784